**Harold J. BOUCHARD**

v.

**Allan L. ROBBINS, in re State of Maine.**

No. 4-152.

United States District Court
D. Maine, S. D.
March 26, 1956.

Harold J. Bouchard pro se.

Frank F. Harding, Atty. Gen., for State of Maine.

CLIFFORD, District Judge.

This matter comes before this Court upon a petition for a writ of habeas corpus, filed by Harold J. Bouchard, who claims that he is illegally confined at the Maine state prison. The petition is in proper form and all other procedural requirements have been met.

This is the fourth petition for a writ of habeas corpus filed by him in this court in which he alleges that he was without benefit of counsel on a charge of attempted escape from prison in 1949. Two previous petitions, Civil No. 4-32 and 4-57, were denied on procedural grounds, and Civil No. 4-66 was denied as indicated in opinion for failure to contain allegations sufficient to entitle petitioner to relief.

It appears from the files of these four cases that Bouchard was originally committed to the Maine state prison in 1945 under a sentence of not less than two nor more than four years on a charge of larceny to which he had pleaded guilty. Although the matter is now moot, it may be noted that he was not represented by counsel at that time. In 1946, Bouchard escaped from prison, but was apprehended and arraigned at the November Term, 1946, on an indictment charging him with escape. On this charge he was represented by an attorney appointed by the court and upon his plea of guilty, he was sentenced to the Maine state prison for not less than one nor more than two years. Again in 1949, Bouchard attempted an escape from prison. He was indicted at the February Term, 1949, of the Superior Court for the County of Knox on that and three other charges, one of which was assault upon an officer. Apparently, all charges other than attempted escape were filed. Bouchard did not request for counsel at the time of his arraignment on this charge, pleaded guilty, and was sentenced to a term of not less than ten nor more than twenty years.

It is in regard to this charge that he claims an alleged violation of his constitutional rights. Briefly, he alleges that he was not permitted to obtain counsel

before his 1949 arraignment and was without counsel at the time of his arraignment.

On November 3, 1955, Bouchard was given a hearing before Honorable Francis W. Sullivan, Justice of the Superior Court for the County of Knox, on his petition for a writ of error coram nobis, in which he set forth allegations identical to those in the present petition. At the hearing, Bouchard testified of a criminal record which began in 1933 at a time when he was nine years old, with repeated serious violations of the law extending to his attempted escape in 1949. After reviewing his long experience with confinement and courts, and noting particularly that he was assigned counsel in 1946 on a charge nearly identical to the one which he now seeks to have declared void, the state court found that Bouchard knew his rights with regard to having counsel assigned and concluded that those rights had been waived.

The due process clause of the Fourteenth Amendment does not inflexibly require a state to furnish counsel to an indigent accused in all non-capital cases. A violation of the due process clause occurs only if it is established that the accused was handicapped by lack of counsel to the extent that a fair trial was denied. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 and a number of other decisions cited in Melanson v. O'Brien, 1 Cir., 1951, 191 F.2d 963, 966. And a determination of that question depends upon the circumstances of the particular case. Some of the more important circumstances to be considered were specified in the Melanson case—" * * * the age of the accused, his education, intelligence and experience, whether the offense charged was simple of comprehension or complicated, the occurrences at the trial, such as how effectively the trial Judge interposed to protect the rights of the accused, and whether or not the proceeding turned upon intricacies of substantive law or procedure."

Upon the filing of this present petition, this Court requested of and received from the office of the Attorney General of the State of Maine a certified copy of the transcript of the November 3, 1955 hearing. Bouchard submitted a copy of Judge Sullivan's memorandum opinion. A careful study of this material, along with the entire case, in the light of all of the circumstances stated above, convinces this Court that there was no "fundamental unfairness" in that Bouchard was without counsel in his last predicament with the law.

It is therefore ordered, adjudged, and decreed that the petition of Harold J. Bouchard for a writ of habeas corpus be and the same is hereby

Denied.